UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDUCATIONAL SERVICE CENTERS RISK FUNDING TRUST, METROPOLITAN SCHOOL DISTRICT OF SHAKAMAK, <br><br> Plaintiffs, <br><br> v. <br><br> CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. PK1005718, LLOYD'S SYNDICATE 2987, <br><br> Defendant. | No. 2:20-cv-00167-JPH-MJD |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiffs seek a declaratory judgment that an insurance policy they hold with Defendant provides coverage for litigation defense and indemnification coverage. Before the Court is Defendant's motion to dismiss or to compel arbitration. For the reasons below, Plaintiffs' claims are subject to mandatory arbitration and this case should be dismissed. Defendant's motion is therefore **GRANTED** except for Defendant's request for attorney's fees, which is **DENIED**.

**I.
Facts and Background**

Because Defendants' motion is brought under Rule 12(b)(1) and 12(b)(3), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011); *Scott Air Force Base Props., LLC v. Cty of St. Clair, Ill.,* 548 F.3d 516, 519 (7th Cir. 2008).

1

Defendant, Certain Underwriters at Lloyd's, issued a Public Entity Package Policy ("Policy") with Plaintiffs—Education Service Centers Risk Funding Trust ("ESCRFT") and Metropolitan School District of Shakamak (the "District")—as assureds. Dkt. 17 at 4. The Policy is an indemnity-only excess insurance policy that provides certain liability coverage subject to its limitations, terms, and conditions. *See id.*; dkt. 22-1.

General Policy Condition No. 2 is an arbitration provision:

> **Arbitration:** In the event the **ASSURED** and Underwriters are unable to agree as to the amount recoverable by the **ASSURED** from Underwriters under the terms and conditions of this Policy, each party shall name a competent and disinterested arbitrator, and the two so chosen shall, before proceeding further, appoint a competent and disinterested umpire. The arbitrators together shall calculate the indemnity due, and failing to agree, shall submit their differences to the umpire.
>
> The award in writing, duly verified by any two, shall determine the points in question. Both parties shall pay the cost of their arbitrators and equally pro rate the cost of the umpire. The **ASSURED'S** portion of such fee does not accrue to the **ULTIMATE NET LOSS**.
>
> The decision by the arbitrators shall be binding on Underwriters and the **ASSURED,** and that judgment may be entered in any court of competent jurisdiction.

Dkt. 22-1 at 16.

In December 2019, the District learned of allegations that one of its students had engaged in sexual misconduct with S.H., a minor student. Dkt. 17 at 1. The Indiana State Police told District administrators that the investigation of these allegations was confidential and directed the District to keep it confidential, which it did. *Id.* at 1–2.

2

On April 22, 2019, the District received a notice of tort claim letter, alleging that the school corporation and others were liable for injuries and damages to S.H. *Id.* at 2. On April 25, 2019, the District contacted Defendant's managing agent about the potential claims involved. *Id.*

On November 12, 2019, S.H. and J.H., individually and as natural parent and next friend of S.H. ("Underlying Plaintiffs"), filed a lawsuit against the District and others in the Greene County, Indiana Superior Court under Cause No. 28D01-1911-CT-000015 ("Underlying Lawsuit"). *Id.* at 9. The District notified its excess insurer—Defendant here—of the lawsuit, but Defendant responded that it would not provide a defense in the Underlying Lawsuit and would not provide indemnity coverage for amounts sought by Underlying Plaintiffs.[1] *Id.* at 9–10.

In February 2020, ESCRFT and the District filed this case in Greene County, Indiana, seeking a declaratory judgment that the Policy provides coverage for litigation defense and indemnification, and that Plaintiffs gave timely notice under the Policy and circumstances. Dkt. 1-2. Defendant removed the case to this Court, dkt. 1, and filed a motion seeking dismissal of this action or, in the alternative, an order compelling arbitration. Dkt. 13.

## II.
## Applicable Law

---

[1] There are conflicting statements in the briefing about whether a duty to defend would be contested in this action, but the Court does not address that issue because this case is ripe regardless and neither party argues that it affects the arbitration provision's application. Dkt. 23 at 9; dkt. 24 at 7; dkt. 25 at 2.

Defendants may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss claims for lack of subject-matter jurisdiction or under 12(b)(3) to dismiss for improper venue. When faced with a 12(b)(1) motion, the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014). When seeking to enforce an arbitration provision and dismiss for improper venue under 12(b)(3), the party seeking to enforce a provision has the burden of establishing the existence of the provision. *Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare, Inc.*, 800 F.3d 853, 857 (7th Cir. 2015).

### III.
### Analysis

**A. Ripeness**

Defendant contends that Plaintiffs' complaint is not ripe, since liability has not been established in the Underlying Lawsuit. Dkt. 25 at 2. Plaintiffs respond that this case is ripe because Defendants have "disclaimed any contractual obligation to indemnify Plaintiffs" and the District faces "a potentially catastrophic financial circumstance." Dkt. 26-1 at 2–5.[2]

While the general rule is "that decisions about indemnity should be postponed until the underlying liability has been established," *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003), indemnity may be ripe before liability is established if there is a "probabilistic injury," *Bankers*

---

[2] Plaintiffs moved for leave to file a surreply, dkt. 26-1, after Defendant raised ripeness arguments in its reply brief. Dkt. [26]. That motion is **GRANTED**.

4

*Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 680-81 (7th Cir. 1992)*; see also Wooten v. Loshbough,* 951 F.2d 768, 769 (7th Cir. 1991). In *Bankers Trust,* the Seventh Circuit found a "probabilistic injury" based on a sufficient probability that the insured would be held liable for an amount that it could not afford. *Id.* Concluding that the possibility that there will be no liability does not "take[] the case out of Article III's grant of jurisdiction over cases and controversies," the court held that the declaratory judgment action was ripe even with no liability determination. *Bankers Trust,* 959 F.2d at 681

Here, under *Bankers Trust,* Plaintiffs have shown a "probabilistic injury." Like in that case, here Plaintiffs face damages in the Underlying Lawsuit that, if awarded, "would have a devastating effect on Shakamak and likely render it unable to continue as a viable public school." Dkt. 26-1 at 8. The District has no other excess insurance policy to cover the damages, *id.* at 14, and Defendant has disclaimed coverage, dkt. 17 at 2, so Plaintiffs face a "probabilistic injury" under *Bankers Trust,* 959 F.2d at 681.

This case's indemnity dispute is therefore ripe.

### B. The arbitration provision

The Policy's arbitration provision provides:

> **Arbitration:** In the event the **ASSURED** and Underwriters are unable to agree as to the amount recoverable by the **ASSURED** from Underwriters under the terms and conditions of this Policy, each party shall name a competent and disinterested arbitrator, and the two so chosen shall, before proceeding further, appoint a competent and disinterested umpire. The arbitrators together shall calculate the indemnity due, and failing to agree, shall submit their differences to the umpire.

5

> The award in writing, duly verified by any two, shall determine the points in question. Both parties shall pay the cost of their arbitrators and equally pro rate the cost of the umpire. The **ASSURED'S** portion of such fee does not accrue to the **ULTIMATE NET LOSS**.
>
> The decision by the arbitrators shall be binding on Underwriters and the **ASSURED,** and that judgment may be entered in any court of competent jurisdiction.

Dkt. 22-1 at 16. Defendant argues that, under this provision, Plaintiffs' claim must be arbitrated. Dkt. 23 at 7–9. Plaintiffs respond that their claim is about coverage, not an "amount recoverable" under the Policy, so it is outside the arbitration provision's scope. Dkt. 24 at 3. There is no dispute that the Policy contains a valid and enforceable arbitration provision; the question is whether the parties' dispute is within the scope of that provision. *See id.*

The Federal Arbitration Act, 9 U.S.C. § 2, "does not require parties to arbitrate when they have not agreed to do so, . . . nor does it prevent parties who do not agree to arbitrate from excluding certain claims from the scope of their arbitration agreement." *Volt Info. Sciences v. BD. of Trustees*, 109 S. Ct. 1248, 1255 (1989). "It simply requires courts to enforce privately negotiated agreements to arbitrate . . . in accordance with their terms." *Id.* "To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state-law principles of contract formation." *Gore v. Alltell Communications, Inc.*, 666 F.3d 1027, 1032 (7th Cir. 2012). "Once it is clear, however" that a contract "provides for arbitration of some issues . . . any doubt about the scope of the arbitration clause is resolved in favor of arbitration as a

6

matter of federal law." *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983)).

Here, the Policy is an indemnification, excess-insurance contract that limits the District's potential financial liability for covered events by covering additional liability once the District has paid a certain amount. *See* dkt. 17 at 5–6. The core issue is therefore whether and to what extent Defendant must indemnify Plaintiffs under the Policy. *See id.* at 10 (requesting a declaratory judgment that Defendant must provide indemnification). The parties disagree on those things, which determine "the amount recoverable . . . under the terms and conditions of this Policy." Dkt. 22-1 at 16. While the "amount recoverable" will be nothing if, as Defendant argues, there is no coverage, the fundamental nature of the parties' dispute remains the "amount recoverable."

Plaintiffs rely on *Welborn v. MedQuist, Inc.* to argue that the arbitration provision is too narrow to apply here. Dkt. 24 at 8–10 (citing 301 F.3d 634 (7th Cir. 2002)). *Welborn* involved a contract for MedQuist to provide all of Welborn Clinic's medical transcription services. 301 F.3d at 635–36. One piece of that contract—with the heading "Payments and Charges"—included an arbitration provision calling "for the arbitration of disputes over 'any invoice amount.'" *Id.* at 636. Welborn Clinic eventually sued for breach of contract, fraud, deceptive trade practices, and conversion, and MedQuist invoked the arbitration provision. *Id.* at 635–36. The Seventh Circuit held that some claims had to be arbitrated as disputes over "any invoice amount," while other claims were not within the arbitration provision's scope. *Id.* at 639–40.

7

Plaintiffs argue that this case is like *Welborn* because the contracts in both cases are far narrower than a "very broad, standard arbitration clause" like what the American Arbitration Association recommends. Dkt. 24 at 8 (quoting *Welborn*, 301 F.3d at 639). That overlooks, however, that the contract here serves a narrower purpose than the contract in *Welborn*. Moreover, the *Welborn* court sent several claims—including fraud and breach of contract—to arbitration because they fit the language of the narrower arbitration provision. 301 F.3d at 640 (Welborn "must win, if anywhere, at arbitration."). Indeed, those claims were "clearly arbitrable." *Id.*

*Welborn* therefore teaches that claims must be arbitrated if they fit the language of the arbitration provision, understood in its context. *See id.* at 638–40; *Gore*, 666 F.3d at 1032. And indeed—in this case—the arbitration provision's content, placement, and context suggest a broader application. The "amounts recoverable" language fits the narrow purpose of the contract—an indemnification, excess-insurance policy. And unlike in *Welborn*, the arbitration provision here is not under a narrow heading. *See* 301 F.3d at 636 (discussing the arbitration provision "[u]nder the heading 'Payments and Charges'"). Instead, the provision is a "General Policy Condition[ ]," dkt. 22-1 at 16, and is not listed with the "Specific Excess Limits" that Plaintiffs argue limit its scope, *see id.*; dkt. 24 at 10.

Plaintiffs' argument based on *Premcor USA, Inc. v. American Home Assurance Co.*, is similarly unpersuasive. 400 F.3d 523 (7th Cir. 2005). That case did not involve arbitration, but the interpretation of "'amount recoverable'

8

language" under Illinois law in the context of determining when excess coverage begins. *Id.* at 527. Moreover, the outcome in *Premcor* was driven by several context-dependent policy provisions. *Id.* Here by contrast, as explained above, the Policy and its arbitration provision support arbitrability when read in context.

For these reasons, it cannot "be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Gore*, 666 F.3d at 1032. Plaintiffs' claim therefore must be arbitrated.

### C. Costs and attorney's fees

Finally, Defendant alleges that it is entitled to recover reasonable costs and attorneys' fees. Dkt. 23 at 10. In determining whether such relief is warranted, the Court must "undertake an objective inquiry into whether the party or his counsel should have known that his position was groundless." *Cuna Mut. Ins. Soc. v. Office and Professional Employees Intern. Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006). Here, Plaintiffs' position was not groundless.

As Plaintiffs noted, contracts often contain "a very broad, standard arbitration clause, similar to that recommended by the American Arbitration Association." *See Welborn*, 301 F.3d at 639. The arbitration provision here does not contain such broad, standard language, so it was necessary to turn to the provision's content, placement, and context. It was therefore not groundless to argue that this was a coverage dispute not covered by the

arbitration clause. Therefore, Defendant's motion to recover attorneys' costs and fees is **DENIED.**

### D. Remedy

Defendant seeks dismissal or an order compelling arbitration and staying the proceedings. Dkt. 22. "District courts should retain jurisdiction over a suit that must be interrupted for reference of an issue to another forum rather than dismiss it if, should it be dismissed, there might later be grounds for reinstating it." *Tice v. American Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir. 2002) (noting that plaintiff could reinstate his suit if he obtained a favorable interpretation from the arbitrators). In *Tice*, the Seventh Circuit noted that a stay "is the normal procedure when an arbitrable issue arises in the course of a federal suit." *Id.*

Here, the arbitrable issue did not arise in the course of this federal suit; instead, this suit is solely a dispute over the arbitrable issue. The outcome of the arbitration therefore will not impose any further obligations on this Court, so dismissal is appropriate. *See Schultz v. Epic Sys. Corp.*, 376 F.Supp.3d 927, 939 (W.D. Wis. 2019) (recognizing "a judicially-created exception to the general rule which indicates district courts may, in their discretion dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration."); *Sanchez v. CleanNet USA, Inc.*, 78 F.Supp.3d 747, 758 (N.D. Ill. 2015); *see also Johnson v. Orkin, LLC*, 928 F.Supp.2d 989, 1008 (N.D. Ill. 2013) ("Although the Seventh Circuit has yet to hold outright that dismissal of a suit is appropriate when all claims are subject to

arbitration, it has affirmed district courts' dismissals of suits when a court finds that all of the claims are arbitrable.").

## IV.
## Conclusion

Defendant's motion to dismiss or, in the alternative to compel arbitration, dkt. [22], is **GRANTED** in part and **DENIED** in part. Plaintiffs' motion to file a surreply is **GRANTED**. Dkt. [26]. This case is **DISMISSED**; final judgment will issue in separate entry.

**SO ORDERED.**

Date: 1/6/2021

                                             James Patrick Hanlon
                                             United States District Judge
                                             Southern District of Indiana

Distribution:

Ryan M. Henderson
BATESCAREY LLP
rhenderson@batescarey.com

David L. Koury
BATES CAREY LLP
dkoury@batescarey.com

Joseph D. O'Connor
BUNGER & ROBERTSON
joc@lawbr.com

Maryanne Pelic
BUNGER & ROBERTSON
mpelic@lawbr.com

Abigail E. Rocap
BATESCAREY LLP
arocap@batescarey.com

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mwohlford@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com